UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES CLAYTON                                                           PLAINTIFF

v.                                       CIVIL ACTION NO. 3:09CV-P665-H

DAVID A. TEEPLES et al.                                      DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Charles Clayton, filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971) (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1] For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

At the time of filing his complaint, Plaintiff was a military prisoner at the Fort Knox Regional Corrections Facility. He sues in their individual and official capacities Colonel David A. Teeples, Major General Donald M. Campbell, Jr., and CPT Chrisine A. Lancia. He also sues Colonel Lisa Anderson-Lloyd solely in her official capacity. He alleges that Defendants deprived him of his First Amendment right to petition for redress of grievances by refusing to take action on complaints made to prison officials under the Uniform Code of Military Justice. As relief, Plaintiff wants punitive damages.

---

[1] Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, even though Plaintiff paid the $350.00 filing fee, the Court is still required to screen his complaint before service on Defendants. *Id.*

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Therefore, the Court will dismiss the official-capacity claims against Defendants.

An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*,

*Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). If a prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Martin v. Crall*, No. 3:05 CV P399 H, 2006 WL 515530, at *8 (W.D. Ky. Feb 27, 2006); *Spencer*, 638 F. Supp. at 316; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff has not alleged a violation of his constitutional rights.

Moreover, Plaintiff's only requested relief is for damages. The Court finds Plaintiff's claim for damages barred by the doctrine established in *Feres v. United States*, 340 U.S. 135 (1950). The *Feres* doctrine prevents a service member from maintaining an action against the government for injuries that "arise out of or are in the course of activity incident to service." *Feres*, 350 U.S. at 146. In the present action, Plaintiff's claim for damages is based on alleged injury while he was incarcerated at a military prison and subject to the Uniform Code of Military Justice. Such action clearly satisfies the "incident to service" test for operation of the *Feres* doctrine. *See Ricks v. Nickels*, 295 F.3d 1124, 1132-33 (10th Cir. 2002).

## III. **CONCLUSION**

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint for failure to state a claim.

Date:


cc: Plaintiff, *pro se*
    Defendants
4412.009